## AS TO APPLICATION OF THE COMPARATIVE NEGLIGENCE STATUTE.

Circuit Court for Lucas County.

MARGARET HILL, AS ADMINISTRATRIX OF THE ESTATE OF JOHN E. HILL, DECEASED, v. THE PERE MARQUETTE RAILROAD COMPANY.*

Decided, January 13, 1912.

*Negligence—Switchman Struck by Locomotive—Engineer Had Been on Duty More than Fifteen Hours—Contributory Negligence of the Decedent—Restriction in Application of the Comparative Negligence Statute.*

1. Where the evidence shows that the decedent switchman met his death through his own contributory negligence, the fact that the engineer of the locomotive which struck him had been on duty for more than fifteen consecutive hours without an interval of eight hours rest, in violation of Section 9007, General Code, does not operate to render the railroad company liable.
2. Section 9018, General Code, introducing to a limited extent the doctrine of comparative negligence, is not applicable to an accident occurring before its passage, notwithstanding it contains the provision that the statute shall apply to all actions "brought" after its passage.

*O. S. Brumback,* for plaintiff in error.
*J. H. Tyler,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Common Pleas Court of Lucas County.

The plaintiff in this case was plaintiff in the court of common pleas and brought the action in that court for the purpose of recovering damages by reason of the death of John E. Hill, alleged to have been caused by the negligence of the railroad company.

---

*Judgment of Court of Appeals affirmed by Supreme Court (no opinion), 88 O. S., 599.

The injury resulting in the death of Mr. Hill occurred at 1:15 o'clock in the morning of November 16, 1907, in the railroad yards of the defendant company in the city of Toledo. Hill was a switchman in the employ of the railroad and on the occasion under consideration he was riding upon a foot-board at the rear of the tender while the engine was proceeding forward down the lead track for the purpose of doing some switching on siding No. 13. The switch being open to siding No. 9, the engine ran in on that siding a short distance—the error being promptly discovered and the engine stopped. Whereupon, it seems that Hill stepped off immediately behind the tender. The engineer, without being signalled so to do and without giving any warning by ringing the bell or otherwise, started the engine backward and it ran over Hill and killed him.

It appears from the admissions of the answer to the amended petition that the engineer, whose name was Howell, began work at seven o'clock in the morning of November 15, 1907; that he continued at work until noon; that he took one hour for rest and luncheon; that he began work at one o'clock in the afternoon and continued at work until six o'clock of that evening; that he took one hour for rest and supper and began work at seven o'clock in the evening; that he continued to work until midnight at which time he took one hour for rest and luncheon; and that he again began work at one o'clock in the morning of November 16, 1907, and that the injury and death of Mr. Hill occurred some fifteen minutes later.

The court of common pleas at the conclusion of the evidence offered in behalf of plaintiff, directed a verdict in favor of the defendant. It is insisted in this court by counsel for plaintiff that the railroad company is shown to have permitted the engineer to work for fifteen consecutive hours and to then again go on duty without at least eight hours rest, and that such conduct constituted a violation of Section 9007, General Code, and that this resulted directly in the injury of which complaint is made. If it be conceded that the company was violating the section to which reference has been made, it is not apparent

from the record under review that such conduct produced the injury and resulting death of Mr. Hill.

It appears from the testimony of William L. Woodling, who was fireman upon the switch engine, that the engineer during the night was active and on the lookout and attentive to his duties, and this evidence does not seem to be controverted.

The act of Mr. Hill in remaining upon the track immediately behind the tender when, from all the circumstances, he must have known that the engine would immediately back up in order to get on the main lead and proceed forward to siding No. 13, manifests such negligence as would bar a recovery by his administratrix. It is urged, however, in argument that Section 9018, General Code, is applicable to this case, and that therefore the plaintiff should be allowed to recover although Hill was guilty of negligence, his negligence being slight and that of the employer greater in comparison. That section was intended to introduce to a limited extent the doctrine of comparative negligence in actions of employes against their employers, but by its terms is only applicable when the negligence of the employe is "slight" and that of the employer "greater in comparison." It does not appear from the record that the contributory negligence of the employe was "slight" and that of the employer "greater in comparison." Indeed, we do not find any evidence tending to show that the railroad company was guilty of negligence. It is conceded that the engineer was the fellow-servant of the switchman, so that the company would not be liable for any negligence of which the engineer alone may have been guilty.

The section to which reference has just been made, namely, Section 9018, was enacted by the General Assembly of Ohio on February 28, 1908, 99 O. L., 25, while the injury and death of Mr. Hill occurred upon November 16, 1907. We think for that reason the section can not be applied to this case. If the railroad company immediately after the injury had a good defense under the then existing law by reason of the negligence of Hill having contributed directly to his death, the right to that defense was a vested right which could not thereafter be taken away by statute. It is true the section by its terms purports to apply to

all actions brought after its passage, but it must, in order to avoid the constitutional inhibition against retroactive laws, be held to apply only to such causes of action as may arise after its passage. *Constitution of Ohio,* Article II, Section 28; *Commissioners* v. *Rosche Bros.,* 50 O. S., 103; *Cooley on Constitutional Limitations,* 6th Edition, 455; *Black's Constitutional Law,* 543-544; *Black on Interpretation of Law,* 256, and following.

We find no error of the trial court in the admission or rejection of evidence. Counsel for plaintiff in argument dwelt upon the claimed negligence of the railroad company in failing to have the bell ringing attachment in order; it being claimed by him that the attachment was intended to work automatically, but was so defective that it would not work in that manner. It is sufficient to say that the amended petition contains no allegation that the company was negligent in that respect, and that while the bell would not ring automatically, it was in such condition that it could readily be rung by the hand with the use of a rope supplied for that purpose.

The circumstances of the case as disclosed by the evidence preserved in the record indicate to our minds that if the case were re-tried and the issues submitted to a jury, the result would not be different, and therefore that substantial justice has been done to the plaintiff in error.

The judgment of the court of common pleas will be affirmed.

---

## RIGHTS OF ATTORNEY CLAIMING INTEREST IN JUDGMENT.